IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIO LOJA-MAYANCELA,<br><br>Petitioner,<br><br>vs.<br><br>BRIAN MCSHANE, WARDEN, MARKWAYNE MULLIN, ATTORNEY GENERAL TODD BLANCHE,<br><br>Respondents, | ) | 3:26-CV-01640-MJH |

**ORDER**

Petitioner's Motion for Temporary Restraining Order is DENIED. Petitioner seeks to enjoin transfer outside of the Western District of Pennsylvania. This Court lacks authority to grant the requested relief, as the places of detention for aliens pending removal is left to the discretion of the Attorney General. 8 U.S.C. § 1231(g)(1). *See also Sinclair v. Atty Gen.*, 198 F. Appx 222 n.3 (3d Cir. 2006). Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security...." Therefore, because the Court lacks jurisdiction to enjoin transfer, Petitioner’s TRO is DENIED.

While Petitioner’s request for TRO is DENIED, the Court is left with a preliminary injunction, requested within the Motion for Temporary Restraining Order, relative to his

detention under 8 U.S.C. § 1225/1226. This Court RESERVES JUDGMENT on the relief requested via a preliminary injunction. IT IS FURTHER ORDERED that Respondents shall respond to the same on the same date that they are required to answer the pending Habeas Petition.

DATED: September 3, 2026

BY THE COURT:

Marilyn J. Horan
United States District Judge